**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| Sears Holdings Corporation, et al., | : | Case No. 18-23538-RDD |
| | : | |
| Debtors | : | (Jointly Administered) |
| _____ | : | |
| | : | |
| Sears, Roebuck and Co., | : | |
| Plaintiff | : | Adv. No. 20-ap-06622-RDD |
| v. | : | |
| | : | |
| 1057 Hanover LLC, | : | |
| Defendant | : | |
| _____ | | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, 1057 Hanover, LLC, ("1057"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Sears, Roebuck and Co., as follows:

**ANSWER**

1. Denied. The allegations in paragraph 1 of the Complaint are legal conclusions for which no response is required.

2. Denied. The allegations in paragraph 2 of the Complaint are legal conclusions for which no response is required.

3. Denied. The allegations in paragraph 3 of the Complaint are legal conclusions for which no response is required.

1

4. Denied. The allegations in paragraph 4 of the Complaint are legal conclusions for which no response is required.

5. Denied. The allegations in paragraph 5 of the Complaint are legal conclusions for which no response is required.

6. Denied. The allegations in paragraph 6 of the Complaint are legal conclusions for which no response is required.

## PROCEDURAL BACKGROUND

7. The allegations in paragraph 7 of the Complaint are admitted to the extent that the Debtors filed for bankruptcy protection. To the extent the allegations in paragraph 7 of the Complaint are legal conclusions for which no response is required such allegations are denied.

8. Denied. Defendant is without knowledge of the allegations in paragraph 8 of the complaint and demands strict proof of said allegations.

9. The allegations in paragraph 9 of the Complaint are admitted.

10. The allegations in paragraph 10 of the Complaint are admitted; however, Defendant is without knowledge of the amount of distribution and demands strict proof of said allegations.

## THE PARTIES

11. Denied. Defendant is without knowledge of the allegations in paragraph 11 of the complaint and demands strict proof of said allegations.

12. Denied. The allegations in paragraph 12 of the Complaint are legal conclusions for which no response is required.

13. The allegations in paragraph 13 of the Complaint are admitted. By way of further answer, Defendant was a commercial landlord which rented space to a debtor entity since 1997.

## FACTUAL BACKGROUND

14. Denied. Defendant is without knowledge of the allegations in paragraph 14 of the complaint and demands strict proof of said allegations.

15. Denied. Defendant is without knowledge of the allegations in paragraph 15 of the complaint and demands strict proof of said allegations.

16. Denied in part, admitted in part. Defendant admits that Plaintiff was operating and admits that Defendant received rental income related to the lease according to ordinary terms but Defendant is without knowledge of the remaining allegations in paragraph 16 and said allegations are therefore denied.

17. The allegations in paragraph 17 of the Complaint are denied. Plaintiff and Defendant were parties to a written lease pursuant to which normal rent payments were made in a fashion consistent with the parties' ordinary course of business and consistent with practices in the industry.

18. Denied. The allegations in paragraph 18 of the Complaint are legal conclusions for which no response is required.

19. Denied. The allegations in paragraph 19 of the Complaint are legal conclusions for which no response is required.

20. Admitted in part, denied in part. The allegations in paragraph 20 stating that Plaintiff sent Defendant a demand letter is admitted. By way of further answer, Defendant supplied all defenses and enclosures, which entirely support these defenses, in writing, by letters dated October 15, 2020, October 26, 2020, October 27, 2020 and December 15, 2020 to which Defendant never received a substantive response from counsel. Defendant is without knowledge as to whether Plaintiff performed its own due diligence evaluation of the reasonable knowable defenses available to Defendant. Defendant therefore denies this allegation.

21. Denied. The allegations in paragraph 21 of the Complaint are legal conclusions for which no response is required. Further, Defendant is without knowledge as to whether Plaintiff performed its own due diligence evaluation of the reasonable knowable defenses available to Defendant and Defendant therefore denies these allegations.

22. Denied. The allegations in paragraph 22 of the Complaint are legal conclusions for which no response is required.

**FIRST CLAIM FOR RELIEF**

23. Defendant incorporates all preceding paragraphs as if fully restated herein.

24. Admitted only that the Lease payments were made according to terms. Defendant denies the balance of the allegations in paragraph in 24 as conclusions of law to which no response is required.

25. Denied. The allegations in paragraph 25 of the Complaint are legal conclusions for which no response is required.

26. Denied. The allegations in paragraph 26 of the Complaint are legal conclusions for which no response is required.

27. Denied. The allegations in paragraph 27 of the Complaint are legal conclusions for which no response is required.

28. Denied. The allegations in paragraph 28 of the Complaint are legal conclusions for which no response is required.

29. Denied. The allegations in paragraph 29 of the Complaint are legal conclusions for which no response is required.

30. Denied. The allegations in paragraph 30 of the Complaint are legal conclusions for which no response is required.

31. Denied. The allegations in paragraph 31 of the Complaint are legal conclusions for which no response is required.

32. Denied. The allegations in paragraph 32 of the Complaint are legal conclusions for which no response is required.

## SECOND CLAIM FOR RELIEF

33. Defendant incorporates all preceding paragraphs as if fully restated herein.

34. Denied. The allegations in paragraph 34 of the Complaint are legal conclusions for which no response is required.

35. Denied. The allegations in paragraph 35 of the Complaint are legal conclusions for which no response is required.

## THIRD CLAIM FOR RELIEF

36. Defendant incorporates all preceding paragraphs as if fully restated herein.

37. Denied. The allegations in paragraph 37 of the Complaint are legal conclusions for which no response is required.

38. Denied. The allegations in paragraph 38 of the Complaint are legal conclusions for which no response is required.

39. Denied. The allegations in paragraph 39 of the Complaint are legal conclusions for which no response is required.

## FOURTH CLAIM FOR RELIEF

40. Defendant incorporates all preceding paragraphs as if fully restated herein.

41. Denied. The allegations in paragraph 41 of the Complaint are legal conclusions for which no response is required.

42. Denied. The allegations in paragraph 42 of the Complaint are legal conclusions for which no response is required.

43. Denied. The allegations in paragraph 43 of the Complaint are legal conclusions for which no response is required.

44. Denied. The allegations in paragraph 44 of the Complaint are legal conclusions for which no response is required.

WHEREFORE, 1057 demands the entry of a judgment in its favor, denying all relief sought by Plaintiff, along with costs and for such other relief deemed appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

As for its First Affirmative Defense, all of the alleged transfers were made in the ordinary course of business or financial affairs of Defendant and Plaintiff and were made according to ordinary business terms pursuant to the Lease Agreement dated July 3, 1997, as amended, a copy of which should be in the possession of Plaintiff.

All of the alleged transfers were made pursuant to the Lease Agreement and therefore, 11 U.S.C. §547(c)(2) is an absolute defense to this action.

**Second Affirmative Defense**

As for its Second Affirmative Defense, Plaintiff's claims are barred because 1057 provided new value in exchange for each of the alleged transfers pursuant to 11 U.S.C. § 547(c)(4).

**Third Affirmative Defense**

As for its Third Affirmative Defense, Plaintiff fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**

As for its Fourth Affirmative Defense, all elements of a *prima facie* case under §§ 547, 548(a), 550 and 502 are not met.

**Fifth Affirmative Defense**

As for its Fifth Affirmative Defense, assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

**Sixth Affirmative Defense**

As for its Sixth Affirmative Defense, to the extent established in discovery, and assuming, without conceding, that all of the elements of a *prima face* case under 11 U.S.C. §547(b) are present, the Defendant has a right of setoff under 11 U.S.C. § 553.

**Seventh Affirmative Defense**

As for its Seventh Affirmative Defense, the Debtor received reasonably equivalent value for any payments made to the Defendant.

**Eighth Affirmative Defense**

As for its Eighth Affirmative Defense, at all times relevant, the Defendant acted in good faith.

**Ninth Affirmative Defense**

As for its Ninth Affirmative Defense, Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

**Tenth Affirmative Defense**

As for its Tenth Affirmative Defense, the Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a *prima facie* case for recovery under 11 U.S.C. §§ 502, 547, 548 and 550, and by this failure has failed to state a claim upon which relief may be granted.

**Eleventh Affirmative Defense**

As for its Eleventh Affirmative Defense, to the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were intended by the Debtor and such transferee to be contemporaneous exchanges for new value given to the Debtor, and the transfers were, in fact, substantially contemporaneous exchanges.

**Twelfth Affirmative Defense**

As for its Twelfth Affirmative Defense, current rent payments rest upon current consideration and therefore do not constitute preferences.

**Thirteenth Affirmative Defense**

As for its Thirteenth Affirmative Defense, the Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during additional discovery and investigation.

Date: January 11, 2021    */s/ Jeffrey Bernstein*
Jeffrey Bernstein, Esq.
225 Liberty Street, 36th Floor
New York, NY 10281
T. 973-565-2183 F.(212) 483-9129
Email: jbernstein@mdmc-law.com

*Attorneys for 1057 Hanover, LLC*